RENDERED: MAY 9, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0238-MR

MICHAEL HARPER                                           APPELLANT

v.                 APPEAL FROM KENTON CIRCUIT COURT
HONORABLE MARY K. MOLLOY, JUDGE
ACTION NO. 18-CR-01442

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE: Michael Harper, *pro se*, appeals his conviction in Kenton

Circuit Court pursuant to RCr[1] 11.42, alleging ineffective assistance of his trial

counsel. We affirm.

---

[1] Kentucky Rules of Criminal Procedure.

# BACKGROUND

Harper previously challenged his conviction on direct appeal to this Court, which affirmed his conviction.[2]  We summarized Harper's case as follows:

> On October 1, 2018, Appellant went to a business called Kentucky Tire.  Kentucky Tire was owned by Eric Mitchell.  Tim Kimbrough was an employee of Kentucky Tire and was the paramour of Appellant's ex-girlfriend, Ryane Johnson.  Appellant and Ms. Johnson had a child together.  Ms. Johnson, Mr. Kimbrough, and the minor child were all living together.  Appellant went to Kentucky Tire with a gun and began threatening Mr. Kimbrough and Mr. Mitchell.  Appellant had been having arguments with Ms. Johnson and Mr. Kimbrough over the raising of the minor child and this is presumably what caused the altercation.  Appellant eventually left the store, and Mr. Mitchell called the police.  Appellant was swiftly located and apprehended; however, no gun was on his person when he was arrested.  A gun was found nearby the location of his arrest and in an area a witness witnessed him leaving.
>
> Appellant was indicted for being a felon in possession of a firearm and for being a first-degree persistent felony offender. After a jury trial, Appellant was found guilty of these charges and sentenced to eighteen years in prison.

After failing to persuade this Court on direct appeal, Harper moved the circuit court to vacate his conviction pursuant to RCr 11.42, alleging ineffective assistance

---

[2] *Harper v. Commonwealth*, No. 2019-CA-1410-MR, 2020 WL 5742830, at *1 (Ky. App. Sep. 25, 2020).

of his trial counsel. The circuit court denied Harper's motion based on the record, without a hearing. This appeal followed.

## STANDARD OF REVIEW

Claims of ineffective assistance of counsel are analyzed under a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Gall v. Commonwealth*, 702 S.W.2d 37, 39-40 (Ky. 1985) (citing *Strickland v. Washington*, 466 U.S. 668, 693 (1984)).

## ANALYSIS

Harper first argues his trial counsel was ineffective for failing "to hire an independent expert or request further DNA testing to provide and corroborate the defense." (Appellant's Br. at 2.) But Harper cannot show prejudice. As the circuit court pointed out in denying Harper's motion, a crime lab technician testified at trial that testing would have indicated whether DNA was present on the gun, but would not have identified the source of the DNA. (Record (R.) 191.)

Harper does not dispute this finding, which defeats his argument that DNA testing could have absolved him.

Harper next argues his trial counsel was ineffective for failing to fully explain the Commonwealth's plea offer, insisting "he understood that the Commonwealth's offer would require that he serve the full ten (10) year sentence because of the [persistent felony offender] 1st degree enhancement," alleging his trial counsel failed "to explain the effects of good time credit and other credits he might receive with such a sentence." (Appellant's Br. 3-4.) Harper does not cite to the record, and we have failed to locate a copy of this plea offer in the record. Other than Harper's own assertion, we have no basis to conclude Harper's trial counsel failed to properly explain the offer. Harper is not the first person to regret not taking a plea deal after a guilty verdict. Relief pursuant to RCr 11.42 requires more than self-serving assertions. *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 n.3 (Ky. 2012) ("'[p]rejudice' requires more than a simple self-serving statement by the movant"). Harper fails to demonstrate deficient performance and prejudice as required by *Strickland*, and this argument fails.

Harper furnishes additional arguments, few of which are cognizable, and all of which are meritless, primarily because Harper fails to appreciate the standard for relief he must satisfy – a party must show deficient performance *and* prejudice. Harper faults his trial counsel for several purported failures but makes

little effort to explain why or how they were so prejudicial as to warrant relief. For instance, Harper faults his trial counsel for purportedly failing to impeach a witness at a preliminary hearing. (Appellant's Br. 10.) But Harper fails to explain how testimony at a preliminary hearing impacted the jury's decision to reach a guilty verdict at trial.

Harper also identifies other purported errors which stem from his mistaken belief his criminal liability might have been mitigated or excused pursuant to a self-defense argument. But Harper was convicted of possession of a handgun by a convicted felon. Harper directs us to no authority indicating criminal liability for possessing a weapon is absolved if the illegally possessed weapon is subsequently used in an act of self-defense. Harper seems to be asserting, oxymoronically, that his illegal possession of a gun was some form of *preemptive* self-defense. This argument is hardly the silver bullet Harper imagines, but is actually closer to a concession of guilt, and Harper's counsel was not deficient in failing to pursue it at various junctures.

Ultimately, to the extent Harper makes cognizable arguments, he fails to support those arguments by citing to the record and applicable legal authority, he fails to show deficient performance *and* prejudice pursuant to *Strickland*, or he otherwise faults his trial counsel for matters of trial strategy which do not constitute deficient performance.

## CONCLUSION

For the foregoing reasons, we affirm the Kenton Circuit Court's February 9, 2024 order denying Harper's motion to vacate.

ALL CONCUR.

BRIEF FOR APPELLANT:

Michael Harper, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie McKeehan
Assistant Attorney General
Frankfort, Kentucky